UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF IOWA

DUVAL KAMARA,

Plaintiff,

v.

BARCLAYS BANK DELAWARE,

TRANSUNION, LLC,

EQUIFAX INFORMATION SERVICES, LLC,

EXPERIAN INFORMATION SOLUTIONS, INC.,

CITICARDS CBNA,

Defendants.

COMPLAINT

Introduction

1. Plaintiff Duval Kamara ("Plaintiff"), by and through this Complaint, alleges that Defendants Barclays Bank Delaware, TransUnion, LLC, Equifax Information Services, LLC, Experian Information Solutions, Inc., and Citicards CBNA (collectively, "Defendants") violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., by failing to accurately report and correct erroneous information on Plaintiff's consumer credit report despite receiving notice of the inaccuracies.

2. Plaintiff seeks damages, including statutory, actual, and punitive damages, as well as attorney's

fees and costs, for Defendants' willful and/or negligent violations of the FCRA.

Jurisdiction and Venue

3. This Court has jurisdiction pursuant to 15 U.S.C. § 1681p (FCRA) and 28 U.S.C. § 1331 (federal question).

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to Plaintiff's claims occurred in this District, and Defendants regularly conduct business in this District.

Parties

5. Plaintiff Duval Kamara is a consumer as defined by 15 U.S.C. § 1681a(c) and resides at 3214 Mace Ave, Wall Lake, IA 51466.

6. Defendant Barclays Bank Delaware is a financial institution headquartered at 125 South West Street, Wilmington, DE 19801, and is regularly engaged in providing consumer credit.

7. Defendant Citibank, N.A. (CBNA), operating as Citicards CBNA, is headquartered at 388 Greenwich Street, New York, NY 10013, and is regularly engaged in providing consumer credit.

8. Defendants TransUnion, LLC, Equifax Information Services, LLC, and Experian Information Solutions, Inc. are consumer reporting agencies as defined by 15 U.S.C. § 1681a(f).

Factual Allegations

9. Plaintiff reviewed their credit reports from Defendants TransUnion, Equifax, and Experian in July 2024 and discovered inaccurate information regarding accounts with Barclays Bank Delaware and Citicards CBNA.

10. Specifically, Plaintiff identified discrepancies in the reported Date of First Delinquency (DOFD) and subsequent account statuses for the Barclays Bank Delaware and Citicards CBNA accounts, which were inaccurate, misleading, and damaging to Plaintiff's creditworthiness.

11. Plaintiff initiated a dispute with Barclays Bank Delaware in December 2023, notifying Barclays that the information they reported was inaccurate and requesting a reinvestigation in compliance with their obligations under the FCRA.

12. Barclays responded by stating that the information was "accurately reported" and verified it. However, this statement was false, as the information remained inaccurate, and Barclays failed to conduct a reasonable and honest reinvestigation, violating 15 U.S.C. § 1681s-2(b).

13. Plaintiff settled and paid the account with Citibank, N.A. (CBNA) after relying on their reported information, which Plaintiff later discovered was inaccurate. The inaccurate reporting misled Plaintiff into settling and paying the account under false pretenses.

14. On July 28, 2024, Plaintiff filed a formal dispute through the Consumer Financial Protection Bureau (CFPB) against Experian, TransUnion, and Equifax. The CFPB assigned the following complaint numbers:
   - Experian: 241129-17193853
   - Equifax: 240710-15132326
   - TransUnion: 240728-15367856

15. Despite receiving notice of the dispute, Defendants TransUnion, Equifax, and Experian failed to conduct a reasonable investigation as required under 15 U.S.C. § 1681i(a). Instead, each CRA claimed that the information was "verified," despite its inaccuracy and lack of supporting evidence.

16. Defendants Barclays Bank Delaware and Citicards CBNA, as furnishers of information, failed to provide accurate information to the CRAs and violated 15 U.S.C. § 1681s-2(b) by failing to conduct a reasonable investigation after receiving disputes from both the Plaintiff and the CRAs.

17. Plaintiff alleges that the Defendants acted willfully and purposely in failing to correct the inaccuracies, choosing instead to continue reporting false and misleading information on Plaintiff's credit report.

18. As a result of Defendants' actions, Plaintiff suffered harm, including but not limited to a lower credit score, denial of credit opportunities, emotional distress, financial loss, and reputational damage.

Claims for Relief

Count I: Violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.

Against TransUnion, Equifax, and Experian

19. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

20. Defendants TransUnion, Equifax, and Experian failed to follow reasonable procedures to ensure maximum possible accuracy of the information contained in Plaintiff's credit reports in violation of 15 U.S.C. § 1681e(b).

21. Defendants failed to conduct a reasonable reinvestigation into Plaintiff's disputes as required under 15 U.S.C. § 1681i(a).

Against Barclays Bank Delaware and Citicards CBNA

22. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

23. Defendants Barclays Bank Delaware and Citicards CBNA failed to conduct a reasonable investigation and provide accurate information to the consumer reporting agencies after receiving notice of Plaintiff's disputes, in violation of 15 U.S.C. § 1681s-2(b).

24. Citicards CBNA further misled Plaintiff by inaccurately reporting the account, which caused Plaintiff to settle and pay the account under false pretenses, resulting in financial harm to Plaintiff.

25. Barclays Bank Delaware further violated 15 U.S.C. § 1681s-2(b) by failing to conduct an honest and good-faith reinvestigation of Plaintiff's dispute in December 2023, instead providing inaccurate verification of the disputed information.

Damages

26. As a direct and proximate result of Defendants' violations of the FCRA, Plaintiff has suffered actual damages, including emotional distress, financial loss, loss of credit opportunities, and reputational harm.

27. Plaintiff is entitled to statutory damages of up to $1,000 per violation pursuant to 15 U.S.C. § 1681n(a)(1)(A).

28. Defendants' actions were willful, entitling Plaintiff to punitive damages under 15 U.S.C. § 1681n(a)(2).

29. In the alternative, Defendants' actions were negligent, entitling Plaintiff to actual damages under 15 U.S.C. § 1681o.

Prayer for Relief

WHEREFORE, Plaintiff prays for relief as follows:

- Actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

- Statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A);

- Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

- Attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) and § 1681o(a)(2);

- Any other relief the Court deems just and proper.

Jury Demand

Plaintiff demands a trial by jury on all issues so triable.

Dated: November 29, 2024

Respectfully submitted,

Duval Kamara

3214 Mace Ave

Wall Lake, IA 51466

DLKamara89@gmail.com

Kamara
3214 Mace Ave
Wall Lake, IA 51466

11/29/24
jas



District Court for Northern District of Iowa
320 6th Street
Sioux City, IA 57101